**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICK MILLER,** | : | |
| | : | |
| **Plaintiff,** | : | **CIV. ACTION NO.** |
| | : | |
| **v.** | : | |
| | : | |
| **WHEEL COLLISION CENTER** | : | **COMPLAINT** |
| | : | |
| **Defendant.** | : | **JURY TRIAL DEMANDED** |
| | : | |

<u>**COMPLAINT**</u>

Plaintiff, Rick Miller, by and through his undersigned counsel, The Lacy Employment

Law Firm LLC, hereby files this Complaint against Defendant and states as follows:

<u>**PROCEDURAL AND ADMINISTRATIVE REMEDIES**</u>

1.      All the allegations contained in the foregoing paragraphs of this Complaint are

incorporated by reference as if set forth herein at length.

2.      Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a

substantial part of the events or omissions giving rise to the claim occurred within this District.

3.      On our about June 9th, 2021, Plaintiff dual-filed a charge with the Pittsburgh

office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania

Human Relations Commission alleging retaliation and discrimination based on age and

disability. *See* EEOC Charge of Discrimination, attached as Exhibit 1.

4.      The EEOC issued a Right to Sue letter ("Right to Sue") and Plaintiff timely filed

the above-captioned action on or before 90 days from receipt of the Right to Sue that the EEOC

issued. *See* Exhibit 2.

5.      Plaintiff has fully complied with all administrative prerequisites for the

commencement of this action.

## PARTIES

6.      Plaintiff Rick Miller, a male living with mental and physical disabilities, resides at

2631 Seip Avenue, Easton, PA 18045.

7.      Defendant Wheel Collision Center is an auto repair shop located at 231

Moorestown Drive, Bath, PA 18014.

## FACTUAL BACKGROUND

8.      Mr. Miller began his employment with Wheel Collision Center on or about May

2, 2013, in the position of a Painter reporting to John Sigfried.

9.      Mr. Miller's job duties included painting wheels, cleaning the paint booth daily

and weekly, mixing paints, ordering materials, preparing wheels for paint, using wet paint and

primer, clear coating wheels, and masking wheels.

10.     Mr. Miller suffers from anxiety and other physical disabilities including being

blind in his right eye and diabetes.

11.     The position was based out of Wheel Collision Center's principal location in

Bath, Pennsylvania. During his employment with Wheel Collision Center, Mr. Miller worked

diligently and at an exemplary level with no complaints from management, except for one of his

supervisors, Daryl Robbins. His other supervisor, George Hershman, told Mr. Miller that he was

pleasant to work with and did his job efficiently.

12.     Mr. Robbins was aware of Mr. Miller's anxiety and other physical disabilities.

After a few years of working at WCC, Mr. Robbins began to treat Mr. Miller in a hostile and

discriminatory manner by holding him to a higher standard than other similarly-situated employees.

13.     Mr. Robbins would often force Mr. Miller to do demeaning and menial work that was not tied to his job discretion, such as putting Mr. Miller on mop duty.

14.     Mr. Robbins would berate and chastise Mr. Miller about the work that he did and would yell at him for doing things that other employees did without punishment, such as using his cell phone at work.

15.     In or around October 2020, Mr. Miller contracted Covid-19 despite his best efforts to wear masks at work. As a result, he suffered severe adverse reactions, which caused him to take a continued absence from work. Covid-19 in combination with Mr. Miller's existing disabilities lead to a new physical disability – pulmonary complications.

16.     Mr. Robbins created a hostile work environment by repeatedly making inappropriate comments to Kim Sigfried, another employee, about Mr. Miller's disabilities. On one such occasion, Mr. Robbins and Ms. Siegfried described Mr. Miller as a liar and said that he was not being truthful about his Covid-19 diagnosis.

17.     When Mr. Miller heard about these comments, he confronted Mr. Robbins and told him to stop attacking him. Mr. Robbins admitted to verbally berating Mr. Miller, but did nothing to stop this behavior.

18.     For the next few months following his Covid-19 diagnosis, Mr. Miller continued with physical and mental therapy, and applied for worker's compensation.

19.     On March 5, 2021, Mr. Miller was cleared to return to work by his doctor. He formally filed a harassment complaint against Mr. Robbins, and also requested a reasonable accommodation from WCC for his disability. The accommodation request asked for Mr. Miller

to exclusively be supervised by his other supervisor, Mr. Hershman, and that Mr. Miller not have any contact with Mr. Robbins.

20.     WCC failed to respond to Mr. Miller's complaint or request for reasonable accommodation.

21.     On May 6, 2021, Nicole Reily informed Mr. Miller that WCC received his separation paperwork mailed on April 29, 2021, noting that Mr. Miller quit on March 28, 2021. However, Mr. Miller never signed a separation request, and his signature was not on the separation request.

22.     Ms. Reily claimed that she never received Mr. Miller's request for reasonable accommodation, though later, she stated that WCC had received his request.

23.     Despite Mr. Miller's several complaints about discrimination and hostile work environment, WCC failed to conduct an investigation or take any action other than to terminate Mr. Miller.

24.     Mr. Miller was replaced by a substantially younger worker without disabilities.

**COUNT I**
**Disability Discrimination in Violation of the ADA, 42 U.S.C.  § 12101, et seq.**
*Discrimination, Harassment, and Retaliation*

25.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

26.     Plaintiff suffered from qualifying health conditions under the ADA that affected his ability at certain times to perform daily life activities.

27.     Defendant was at all times an employer with more than 15 employees and subject to the ADA.

28.     Plaintiff's disability is recognized as a disability under the ADA. Mr. Miller suffers from anxiety and other physical disabilities including being blind in his right eye and diabetes.

29.     Plaintiff informed Defendant's managers/supervisors of his serious medical conditions. And he also informed them of the need for medical treatment and/or other accommodations.

30.     Despite Plaintiff's health conditions and limitations, he was still able to perform the duties of his job with or without a reasonable accommodation.

31.     Plaintiff requested a reasonable accommodation. Defendant terminated Plaintiff's employment because of, and in retaliation for, requesting a reasonable accommodation under the ADA.

32.     Defendant's actions in subjecting Plaintiff to discrimination based on his actual and/or perceived disabilities and/or record of impairment, and retaliating against him for requesting a reasonable accommodation for his disabilities is in violation of the ADA.

33.     As a direct result of unlawful, discriminatory, and retaliatory employment practices in violation of the ADA, of which Defendant engaged, Plaintiff sustained permanent and irreparable harm, resulting in termination from employment, which caused loss of earnings, plus the value of certain benefits, loss of future earning power, back pay, front pay, and interests.

**COUNT II**
**Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.**
*Discrimination, Harassment, and Retaliation*

34.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

35.    Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the ADEA

36.    Plaintiff is and was at the time of his termination, over forty years of age, and an individual within the class protected by the ADEA.

37.    In discriminating against and harassing Plaintiff because of his age, Defendant violated the ADEA.

38.    Defendant's violations were intentional and willful.

39.    Liquidated damages are warranted given Defendant's willful violation of the ADEA.

40.    As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested.

**COUNT III**
**Violation of the Pennsylvania Human Relations Act,**
**42 P.S. §§ 951-963 ("PHRA")**
*Discrimination and Retaliation*

41.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

42.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated Title VII.

43.    Defendant acted intentionally and willingly, with malice and/or reckless indifference to Plaintiff's rights, warranting the imposition of punitive damages.

44.    As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages and losses and has incurred attorneys' fees and costs.

45.     Plaintiff believes and therefore avers that he was discriminated against and subjected to a hostile work environment on the basis of his age, his disability, stereotypes of his age and disability, and/or his complaints of discrimination.

46.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a) Declaring the acts and practices complained of herein to be in violation of the ADA, ADEA, Title VII, PHRA, and public policy;

b) Enjoining and permanently retraining the violations alleged herein;

c) Entering judgment against Defendant and in favor of the Plaintiff in an amount to be determined;

d) Awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

e) Awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasure, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

f) Awarding punitive damages to Plaintiff;

g)  Awarding Plaintiff such other damages as are appropriate under the ADA, ADEA,

Title VII, PHRA, and public policy;

h)  Awarding Plaintiff the costs of suit, expert fees and other disbursements, and

reasonable attorney's fees; and,

i)  Granting such other and further relief as this Court may deem just, proper, or

equitable, including other equitable and injunctive relief providing restitution for

past violations and preventing future violations.

Respectfully submitted,

Dated:  September 26, 2022

/s/ Andrew Lacy, Jr.
Andrew Lacy, Jr. Esq.
**THE LACY EMPLOYMENT
LAW FIRM LLC**
2514 W Seybert Street
Philadelphia, PA
(t) 412-301-3908
andrew.lacy@employment-labor-law
.com

*Counsel for Plaintiffs*